IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DOYALE M. BLACKSMITH, | ) |
| Petitioner, | ) |
| v. | ) Case No. 3:20-cv-00036 |
| | ) Judge Trauger |
| TONY MAYS, Warden, | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

On February 15, 2023, the court entered judgment against petitioner Doyale Blacksmith and dismissed this habeas case due to its untimely filing and, alternatively, on its merits. (Doc. Nos. 15, 16.)

On March 7, 2023, the petitioner filed an unsigned, pro se Motion to Reconsider the court's ruling. (Doc. No. 17.) A motion for reconsideration filed within 28 days of the court's entry of judgment is properly construed under Federal Rule of Civil Procedure Rule 59(e), as a motion to alter or amend the judgment. Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."); *Inge v. Rock Financial Corp.*, 281 F.3d 613, 617 (6th Cir. 2002) ("When a party files a motion to reconsider a final order or judgment within [28] days of entry, we will generally consider the motion to be brought pursuant to Rule 59(e)."). Relief under Rule 59(e) is only warranted if the petitioner identifies a clear error of law, newly discovered evidence, an intervening change in controlling law, or a need to prevent manifest

injustice. *Brumley v. United Parcel Serv., Inc.*, 909 F.3d 834, 841 (6th Cir. 2018). The petitioner's motion fails to make any such showing.[1]

After failing to respond to the State's argument that his petition was time-barred, the petitioner now objects to the dismissal of his case "in the interests of justice, . . . based on exigent and extenuating circumstances beyond his control" involving delays in the prison's processing of legal mail that effectively denied him access to the courts. (Doc. No. 17 at 1, 2–6.) He claims that the prison system for legal mail "was woefully inadequate to ensure timely filing of" the petition, citing the fact that he "beg[a]n the process to have it mailed out more than two (2) weeks prior to the deadline[.]" (*Id.* at 5.)[2]

As discussed in the court's dismissal order, the petitioner presented a more truncated version of these claims and arguments at the outset of this case, in anticipation of the State's timeliness defense. (*See* Doc. No. 2.) "While the 'manifest injustice' prong of Rule 59(e) may serve as a catch-all provision, it is not sufficient to simply refer to prior arguments in a perfunctory manner and request a different result to avoid a perceived manifest injustice." *Purefoy v. Harris*, No. 5:19-CV-1233, 2022 WL 17104546, at *2 (N.D. Ohio Nov. 22, 2022). The petitioner's motion does not identify any error of law in the dismissal of his case, nor does it address the court's finding that he did not diligently pursue habeas relief by waiting until just prior to the deadline to attempt to file his petition, or its alternative finding of grounds for dismissal on the merits. The court therefore finds that reconsideration of the dismissal of this case is not necessary to prevent manifest

---

[1] Although the unsigned motion is improper under Rule 11(a) of the Federal Rules of Civil Procedure, the court will overlook this defect and deny the motion, which is timely under Rule 59(e) but wholly without merit.

[2] In its dismissal order, the court found that, "[a]fter state post-conviction proceedings concluded on January 18, 2019, the petitioner had a full eleven months out of the twelve-month limitations period in which to file his Section 2254 Petition, yet failed to attempt such filing until, at the earliest, eleven days prior to his deadline." (Doc. No. 15 at 10.)

2

injustice, nor to address any other recognized ground for relief under Rule 59(e). The court further finds no grounds for reconsidering its denial of a certificate of appealability in this case. (Doc. No. 15 at 14–15.)

Accordingly, the petitioner's Motion to Reconsider (Doc. No. 17) is **DENIED**.

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge